Opinion issued April 11, 2013



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00129-CV

———————————

**RALPH O. DOUGLAS, Appellant**

**V.**

**GOVERNMENT EMPLOYEES INSURANCE COMPANY, UNITY NATIONAL BANK, JPMORGAN CHASE BANK, N.A., AS ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK, THE HONORABLE RANDY ROLL, DICK DEGUERIN, AND THE TEXAS COURT OF CRIMINAL APPEALS, Appellees**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-53065**

---

## MEMORANDUM OPINION

Appellant, Ralph O. Douglas, proceeding pro se, attempts to appeal from the

trial court's order dismissing his suit against appellees, Government Employees

Insurance Company, Unity National Bank, JPMorgan Chase Bank, N.A., as Acquirer of Certain Assets and Liabilities of Washington Mutual Bank, the Honorable Randy Roll, Dick Deguerin, and the Texas Court Of Criminal Appeals. Because appellant has not complied with Texas Civil Practice and Remedies Code Chapter 11, governing vexatious litigants, we dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001–.104 (West 2002 & Supp. 2012).

Pursuant to Chapter 11, "[a] court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, in propria persona, a new litigation in a court in this state if the court finds, after notice and hearing, that: (1) the person is a vexatious litigant; and (2) the local administrative judge of the court in which the person intends to file the litigation has not granted permission . . . to file the litigation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2012). The Office of Court Administration of the Texas Judicial System ("OCA") is required to maintain a list of vexatious litigants subject to pre-filing orders. *Id.* § 11.104(b).

"[A] clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented by a vexatious litigant subject to a prefiling order," unless the litigant obtains an order from the local administrative judge authorizing the

filing. *See id.* § 11.103(a). "If the clerk mistakenly files a litigation[1] without an order from the local administrative judge, any party may file with the clerk and serve on the plaintiff[2] and the other parties to the suit a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order." *Id.* § 11.103(b). "On the filing of the notice, the court shall immediately stay the litigation and shall dismiss the litigation, unless the plaintiff," within ten days after the notice is filed, "obtains an order from the local administrative judge . . . permitting the filing." *Id.*

The OCA list reflects that, on May 23, 2008, the 127th District Court of Harris County, Texas, declared appellant a vexatious litigant and entered a prefiling order prohibiting him "from filing, in propria persona, a new litigation in Harris County, Texas[,] without first being granted permission to file by the local administrative judge." *Douglas v. Jones*, No. 2006-39052 (127th District Court, Harris County, Tex., May 23, 2008, order), *aff'd*, *In re Ralph O. Douglas*, 333 S.W.3d 273, 296 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

The record in the underlying suit reflects that several appellees filed notices in the trial court stating that appellant had been declared a vexatious litigant, that

---

[1]    "Litigation" includes "a civil action commenced, maintained, or pending in any state or federal court." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.001(2) (West Supp. 2012).

[2]    "'Plaintiff' means an individual or commences *or maintains* a litigation." *Id.* § 11.001(5) (emphasis added).

3

he was subject to the pre-filing order issued in *Jones*, and that he had failed to obtain permission from the local administrative judge to file the suit. *See id.* The notices reflect that they were served on appellant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(b). The trial court stayed the litigation for appellant to seek permission from the local administrative judge. *Id.* Appellant failed to obtain such permission, and the trial court dismissed appellant's lawsuit for failure to comply with section 11.103(b). *See id.*

Appellant filed this appeal from the trial court's dismissal. The clerk of this court may not file an appeal presented by a vexatious litigant subject to a prefiling order, as here, unless the litigant obtains an order from the local administrative judge authorizing the appeal.[3] *See id.* § 11.103(a). On March 19, 2013, the clerk of this court notified appellant that his appeal was subject to dismissal unless, within ten days, he filed proof that he had obtained permission from the local administrative judge. *See id*. § 11.103(b).

Appellant filed a response, asserting that he is not yet subject to the prefiling order in *Jones* because the case is not final. *Douglas v. Jones*, No. 2006-39052 (127th District Court, Harris County, Tex., May 23, 2008, order), *aff'd*, *In re Ralph O. Douglas*, 333 S.W.3d 273, 296 (Tex. App.—Houston [1st Dist.] 2010,

---

[3]     This is not an appeal from an order designating appellant a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(d).

pet. denied). Specifically, appellant contends that the supreme court denied his petition for review on July 1, 2011, but has not yet issued its mandate.

The record at the supreme court reflects that the case has been stored. The supreme court did not render a judgment; rather, it denied review. Hence, no mandate by the supreme court will issue. *See* TEX. R. APP. P. 18.1 (stating that "[t]he clerk of the appellate court that rendered the judgment must issue a mandate"); *see e.g.*, TEX. R. APP. P. 18.5 ("If the Supreme Court declines to grant review, Supreme Court costs must be included in the *court of appeals'* mandate." (emphasis added)). *Jones* became final when this Court issued its mandate on August 1, 2011. *See Saudi v. Brieven*, 176 S.W.3d 108, 116 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (stating that case was final after supreme court denied review and intermediate appellate court issued its mandate).

Because appellant is subject to the prefiling order issued in *Jones* and has not obtained an order from the local administrative judge authorizing the appeal, we dismiss the appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.103(b). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

5